J. B. KERFOOT AND THE CITY NATIONAL BANK OF KANSAS CITY, MISSOURI, *a Corporation, v.* THE STATE BANK OF WATERLOO, ILLINOIS, *a Corporation,* AND J. W. LYNCH.

(Filed March 4, 1904.)

1. REPLEVIN—Burden on Plaintiff. The burden is on the plaintiff in a replevin action to establish his right to recover, by a preponderance of the evidence.

2. CHATTEL MORTGAGE—Slight Misdescription of Property Immaterial, When. Where one is in possession of facts from which he must, as a person of ordinary intelligence, know that certain cattle are included in a chattel mortgage, the fact that one of the brands is described as being on the left hip instead of on the right hip is immaterial, and he must use reasonable care to avoid loss.

3. SAME—Foreign—Negotiable Promissory Note—Rights of Assignee. In Kansas the transfer by endorsement of a negotiable promissory note carries with it the assignment of a chattel mortgage given to secure it, and, there being no law requiring an assignment of a chattel mortgage to be filed or recorded, one who purchases such note for value before maturity, will be protected in his security, without filing or recording an assignment of such mortgage, against all subsequent purchasers and encumbrancers, regardless of their good faith.

4. SAME—Interest of Mortgagee. As a general rule, a mortgagee and his assignee acquire only a lien on the interest of the mortgagor in the property mortgaged.

5. SAME—Removal of Property. Where a chattel mortgage is executed on property in Kansas, and duly filed for record, it will be binding on the property after it is removed to this Territory.

(Syllabus by the Court.)

*Error from the District Court of Kay County; before Bayard T. Hainer, Trial Judge.*

*J. F. King* and *Milton Moore,* for plaintiffs in error.

*W. L. Barnum* and *J. E. Burns,* and *John Martin,* for defendants in error.

Opinion of the court by

· Burwell, J.: N. J. Walden was the owner of something over 500 head of cattle, and on October 17th, 1900, he executed a note to the Siegel-Sanders Commission Company for $15,810.53 and, at the same time, gave it a chattel mortgage of these cattle, which were located on his farm in Clark county, Kansas. The mortgage was duly filed for record on October 22, 1900, and, thereafter, on October 26th, 1900, the Siegel-Sanders Com. Co., sold and assigned the note to the City National Bank of Kansas City, Mo., for $15,183.38. The original mortgage was attached to the note, a copy having been filed with the register of deeds of Clark county, Kansas. On November 15, 1900, Frank Prudom and John A. Malone, in company with the agent of the Siegel-Sanders Com. Co., went to the farm of Walden, and, at the request of this agent, and upon his promise that the Siegel-Sanders Com. Co., would give him credit therefor on his mortgage, (they stating that the Siegel-Sanders Com. Co., had sent them there) he turned over to them 300 cattle; and in turning over to Prudom and Malone these cattle, the entire bunch of 500 were driven to town and the 300 were cut out from the others, and in these 300 were cattle branded "W" on the right hip, and others with "W" on the left hip, and all of these cattle had other brands, some of which were described in the mortgage. Prudom and Malone shipped these 300 cattle to Oklahoma and a chattel mortgage was executed by them to the Siegel-Sanders Com. Co., for $5,130.63 on the 150 cattle in question, and the Siegel-Sanders Com. Co., before maturity, sold the note and mortgage to the State Bank of Waterloo, Ill. The City National Bank of Kansas City

got possession of the cattle, and the State Bank of Waterloo brought this action of replevin. Both banks apparently acted in good faith. The jury found for the plaintiff and the Kansas City bank appeals.

It is insisted by the appellee that the fact that the mortgage, assigned to the City National Bank, describes the cattle as being branded "W" on the left hip when in fact they were branded "W" on the right hip, was not a sufficient description to put Prudom and Malone upon enquiry.

We have read the entire record in this case and, from it, have become fully satisfied that Prudom and Malone not only were in possession of sufficient facts to put them upon enquiry, which, if pursued, would have disclosed the facts, but that they knew that the cattle which they bought from Walden were covered by the mortgage under which the Kansas City bank claims. Let us see, briefly: The Siegel-Sanders Company sent Prudom and Malone to Walden's place in Clark county, Kansas, with its own agent, and they told Walden, if he would turn over 300 of the cattle he would be given credit for them on his mortgage. They saw all of the cattle there together in a bunch, some branded "W" on the right hip and others "W" on the left hip. They did not pay Walden one cent for the cattle; in fact, it is not shown that they paid anybody anything for them; but if anything was paid it was to the Siegel-Sanders Company. Of course Siegel said that he had given Walden credit for the 300 cattle, but, if he did, in the rush of business, he forgot to send the money to the bank to whom it belonged. In addition to this, Prudom and Malone were bound to take notice of the public record of Clark county, Kansas, where Walden lived.

The mortgage assigned to the Kansas City bank was a matter of public record, and it described these cattle as "western" cattle, and also described other brands on them. Prudom and Malone, as reasonable men, must have known that these were the cattle described in the mortgage of October 17th, 1900, and we are at a loss to understand how the jury arrived at any other conclusion. The court's instructions were fair, but when a verdict was returned for the plaintiff it should have been set aside. As to the mortgage executed by Walden to the Siegel-Sanders Company, dated December 6th, 1899, we have not considered it, as the Kansas City bank admits that it never bought that mortgage. It is possible that Prudom and Malone thought that the Siegel-Sanders Company still owned that mortgage at the time they bought the cattle and executed this mortgage to it; but it did not. It had sold the mortgage to the City National Bank. The note and mortgage were not yet due and Prudom and Malone bought at their peril; and the suggestion that the City National Bank had not filed any assignment of the mortgage in the office of the register of deeds in Clark county, Kansas, is without force, as this court held at this term, in the case of *First National Bank of Geneseo, Ill. v. National Live Stock Bank of Chicago, Ill.*, that, under the law of Kansas, an assignee of a chattel mortgage is not required to file his assignment of record in order to protect his rights against subsequent purchasers and incumbrancers in good faith, as there is no statute requiring such assignment to be filed or recorded. The Kansas City Bank's mortgage being good in Kansas, it was also valid and binding in Oklahoma. *Greenville National Bank v. Evans-Snyder-Buel Co.*, 9 Okla.

353.   The Siegel-Sanders Company knew that it was perpetrating a fraud upon the Kansas City Bank when it took a mortgage from Prudom and Malone, and assigned it to the State Bank of Waterloo, and no matter how innocent the Bank of Waterloo was, it could acquire no greater right than was owned by Prudom and Malone and the Siegel-Sanders Company, and the fact that its mortgage was executed in Oklahoma gave it no greater right.

The judgment of the trial court is hereby reversed and a new trial granted at the cost of the appellee.

Hainer, J., who presided in the court below not, sitting; Burford, C. J., absent; all the other Justices concurring.