SCOTT *et al. v.* EATON, BETTERTON & CO.

RES JUDICATA.—All questions determined when a cause is before this court on an appeal, are *res judicata,* and must be treated as settled.

EVIDENCE—*Appearance by Attorney.*—Where the transcript of a judgment of record of another State, shows that the parties appeared by attorneys, it is *prima facie* evidence that they did so appear; and even though there were testimony to show that the attorneys were not duly authorized to do so, the error could be corrected on motion for a new trial; and if the transcript does not show such motion, the evidence is not properly before this court.

*Appeal from the Pulaski Circuit Court.*

HON. JOHN WHYTOCK, Circuit Judge.

*Garland & Nash,* for appellants.

*Watkins & Rose,* for appellees.

WILSHIRE, C. J.

This is the second time this cause has been before this court. The suit was brought in the Pulaski circuit court by the appellees against Pennywit, on a transcript of a judgment obtained by them in the fourth district court of the city of New Orleans, Louisiana.

Two pleas were interposed by Pennywit in the court below: 1st. *Nul tiel record;* and the 2d. That Pennywit, when the suit in the fourth district court of New Orleans was commenced, wherein was rendered the judgment upon which this suit was brought, was, and from thenceforth had been, a resident of the State of Arkansas, etc., and was not served with process, and had no notice whatever of the pendency of said suit, and never appeared thereto, either in person or by attorney, and that no one was duly authorized to enter his appearance to such suit, etc.

2

On the trial, in the court below, the transcript of the judgment rendered in the fourth district court of New Orleans against Pennywit, was excluded from the evidence, and judgment being rendered against Eaton & Betterton, they appealed. On that appeal this court reversed the judgment of the court below, holding that the fourth district court of New Orleans had jurisdiction, and the transcript of the record was properly authenticated, and should have been admitted in evidence, as it raised "a strong *prima facie* presumption that the defendant did appear in that court by attorney," and that the evidence offered by Pennywit in the Pulaski circuit court, as appeared in the transcript then before this court, was not sufficient to rebut that presumption, and the cause was remanded to the court below for further proceedings.

The only questions presented by the transcript that demand our attention, are those raised by the proceedings in the court below, subsequent to the mandate of this court. All questions determined when this cause was here on the appeal of Eaton & Betterton, are *res judicata*, and must be treated by us as settled. *6 Ark., 558; 7 Ark., 542; 10 Ark., 186.*

Taking that view of this case, the only question we find requiring examination is, whether the evidence introduced by the defendant, at the second trial in the court below, was sufficient to rebut the presumption raised by the record of the fourth district court of New Orleans, that Pennywit appeared to the suit of the appellees in that court, by attorney, and defended, etc.

The testimony introduced on the second trial, in the court below, does not seem sufficient to rebut that *prima facie presumption.* It is true two witnesses, Messrs. Durant and Horner, the counsel appearing of record for Pennywit, in the New Orleans court, state that their recollection of that case is not very distinct. Mr. Durant testifies that so long a time has intervened since the pendency of the suit in the New Orleans court, he cannot recollect any such suit, except in a very faint and indistinct manner, not sufficient to enable him to say any-

thing about it. Mr. Horner testifies that it is his impression that his firm, Durant & Horner, were employed by Moses Greenwood, on behalf of the owners of the steamboat "Thirty-fifth Parallel," which was the subject of the suit against Pennywit in the New Orleans court, and the securities on the bond given to release the boat from seizure under the attachment proceedings.

But Moses Greenwood testified that, as the agent and attorney in fact of Pennywit, to look after and protect his interest in the steamboat "Thirty-fifth Parallel," he employed Messrs. Durant & Horner, attorneys, to represent Pennywit, and defend the suit instituted against him in the New Orleans court, which the transcript of the record of that court shows they did.

There appears to be no testimony presented by the transcript to overcome the statement in the record of the New Orleans court, that the defendant there appeared by attorney, etc.; nor does it appear that the defendant, in the court below, produced any testimony to show that the attorneys, appearing of record in the New Orleans court for Pennywit, were not duly authorized to do so.

But, even if there was such testimony, the error could have been corrected in the court below, on a motion for a new trial. There appearing, by the transcript, to have been no motion for a new trial, we think the evidence is not properly before us.

The judgment of the circuit court is, therefore, affirmed.