## The John Hancock Mut. Life Ins. Co. *v.* Manning.

*(Circuit Court, S. D. New York.   April 27, 1881.)*

1. NEW TRIAL—MANDATE FROM SUPREME COURT.

The circuit court cannot entertain a motion for a new trial upon the ground of newly-discovered evidence, after a mandate has been received from the supreme court entitling the plaintiff to an absolute and final judgment.—[Ed.

WALLACE, D. J. If the defendant's motion for a new trial, on account of newly-discovered evidence, were to be decided according to the rules which govern the exercise of judicial

discretion on such motions, the case made would not seem to be a sufficient one. But this court has no authority to grant the motion, however meritorious the case might be, because it must execute the mandate of the supreme court sent here upon the affirmance of the judgment of this court by the supreme court. That mandate entitles the plaintiff to an absolute and final judgment. If a mandate of the supreme court is open to construction, the court below can resort to the opinion of the supreme court, and can apply proper rules of construction, but further than this the court below cannot go

In *Skilleru's Ex'rs* v. *May's Ex'rs*, 6 Cranch, 267, where it appeared to the circuit court, in a case remanded by the supreme court for further proceedings, that the cause was one not within the jurisdiction of the court, it was held the circuit court was bound to carry the mandate into execution. In *Ex parte Story*, 12 Pet. 339, it was held that the court below properly refused to allow the defendant to file a supplemental plea and answer, because the cause was before it upon a mandate of the supreme court, and the court below was bound to execute the mandate. See, also, *Ex parte Sibbald*, 12 Pet. 488, where it is said "the inferior court is bound by the decree as the law of the case, and must carry it into execution according to the mandate. They cannot vary it or examine it for any other purpose than execution, or give any other or further relief." In *Ex parte Dubuque* v. *Pacific Railroad*, 1 Wall. 69, where the court below, after entering judgment according to the mandate, and thereafter affidavits of ability to show new facts having been filed, granted a motion for a new trial, the supreme court issued a *mandamus* commanding the lower court to vacate and erase the order, upon the ground that the authority of the court below extended only to executing the mandate.

The motion is, therefore, denied.