CHICAGO, R. I. & P. RY. CO. v. BROE.

No. 2192, Okla. T. Opinion Filed March 9, 1909.

(100 Pac. 523.)

1.  **APPEAL AND ERROR—Review—Questions of Fact—Verdict**
    When there was evidence introduced on the trial of a cause reasonably tending to establish the negligence of the defendant, the verdict of the jury on that point is conclusive and will not be set aside by the Supreme Court.

2.  **SAME—Determination and Disposition of Cause—New Trial.**
    If, upon a cause being remanded for a new trial, the court below has proceeded in substantial conformity with the directions of the appellate court, its action will not be questioned on a second trial.

    (Syllabus by the Court.)

*Error from District Court, Comanche County; F. E. Gillette, Judge.*

Replevin by George W. Broe against the Chicago, Rock Island & Pacific Railway Company. Judgment for plaintiff, and defendant brings error. Affirmed.

*C. O. Blake, H. B. Low,* and *Stevens & Myers,* for plaintiff in error.

*James A. Morris,* for defendant in error.

KANE, C. J.   This was an action in replevin, commenced by the defendant in error, plaintiff below, against the plaintiff in error, defendant below, for the possession of certain specific personal property, and to recover damages for its detention. The cause was tried to the court, and judgment was rendered for the plaintiff

for the return of the property and $150 damages for its detention. The case was in this court before, and will be found reported in 16 Okla. 25, 86 Pac. 441. As the facts are fully set out there by Mr. Justice Burwell, who delivered the opinion of the court, that it is obvious that the evidence at both trials was substantially the same, we do not deem it necessary to repeat them here.

When the case was here before, it was held there was sufficient evidence to justify the jury in finding that the company was guilty of negligence. The cause was reversed upon the ground that the plaintiff failed to establish the measure of damages; the court holding that by "market value" as used in section 2746, Wilson's Rev. & Ann. St. 1903, is meant the value at which the article shipped would sell in the open market in the quantities carried, and where the articles shipped are merchandise, and shipped in large quantities, it is error to measure the damages sustained by the market value of such merchandise when sold at retail. As the plaintiff remedied this defect in his proof and did establish his measure of damages pursuant to the rule laid down on the former appeal, we see no reason for departing from the law of the case thus established by the Supreme Court of the territory. If, upon a cause being remanded for a new trial, the court below has proceeded in substantial conformity with the directions of the appellate court, its action will not be questioned on a second trial. *Oklahoma City Electric, Gas & Power Co. et al v. Baumhoff,* 21 Okla. 503, 96 Pac. 758.

The judgment of the court below is affirmed.

All the Justices concur.