## STATE BANK OF WATERLOO, ILL., v. CITY NAT. BANK OF KANSAS CITY, MO.

No. 548.    Opinion Filed July 12, 1910.

(110 Pac. 910.)

1.  **APPEAL AND ERROR—Decision on Former Appeal—Law of Case.** A question decided by the Supreme Court, on a former appeal, becomes the law of the case in all its stages, and will not ordinarily be reversed upon a second appeal of the same case when the facts are substantially the same.

2.  **SAME—Decisions of Territorial Supreme Court.** The same rule applies where the former decision was made by the late territorial Supreme Court; this court being the successor of that court.

(Syllabus by the Court.)

*Error from District Court, Kay County; Wm. M. Bowles, Judge.*

Action by the State Bank of Waterloo, Illinois, against the City National Bank of Kansas City, Missouri. Judgment for defendant, and plaintiff brings error. Affirmed.

*Horace Speed, Henry McGraw,* and *W. L. Barnum,* for plaintiff in error.

*Frank Hagerman, J. F. King,* and *Kimbrough Stone,* for defendant in error.

KANE, J.  This case was twice before the Supreme Court of the territory, and will be found reported in 14 Okla. 104, 77 Pac. 46, and 18 Okla. 10, 89 Pac. 206. Upon the first trial the court below, upon facts substantially the same as the agreed statement of facts now before us, decided the case in favor of the plaintiff in error here, the State Bank of Waterloo, and this judgment was reversed by the Supreme Court and the cause remanded, with directions to grant a new trial.. Upon second trial the judgment in favor of the defendant in error here was reversed, upon grounds that are apparent from the excerpts of the opinion of Mr. Justice Burwell, who prepared the same for the court:

Vol. 26—51

"On a former appeal in this case the judgment of the court below, which was for the State Bank of Waterloo, was reversed, because it was not supported by the evidence, and it is insisted here that such reversal by this court is conclusive in the court below as to such issue. There is nothing in such a position. It was clearly shown in the former trial that the cattle in controversy were included in the prior mortgage held by the City National Bank; but the case was reversed and remanded for a new trial, and we cannot consider the evidence presented by the record on the former appeal at this time, but are confined to the record now before us."

In the last trial the case was tried upon an agreed statement of facts which in no essential particular differed from the facts as stated by Mr. Justice Burwell when the case was first before the Supreme Court of the territory. Paragraphs 2, 3, 4, and 5 of the syllabus of that case cover practically all the law points raised by this proceeding in error, and, as they were squarely presented and decided upon the same facts now before us, we are bound by that decision as the law of the case. In this case, we apply the rule without hesitation, as we are convinced that the questions decided in that case are correctly decided.

In Oklahoma City Elec., Gas & Power Co. et al. v. Baumhoff, 21 Okla. 503, 96 Pac. 758, this court held that:

"A question decided by the Supreme Court, on a former appeal, becomes the law of the case in all its stages, and will not ordinarily be reversed upon a second appeal of the same case when the facts are substantially the same. The same rule applies where the former decision was made by the late territorial Supreme Court; this court being the successor of that court."

Counsel for plaintiff in error contend that there is a question in this case that has not heretofore been passed upon, which proposition they state in their brief as follows:

"The record indicates a seeming iniquity not excused or explained away therein. The mortgagee of the first mortgage, located in Kansas City, had transferred the note to a bank there. The mortgage, however, secures two debts, one was the note which was transferred to the City Bank, the other was the debt to the Siegel-Sanders Live Stock Commission Company, under the stipulation that no matter how or where the cattle were disposed of that company should be paid 50 cents per head commission, when sold,

and also the provision that they should be sold in Kansas City, through that company, and that they were not to be disposed of or removed by the mortgagor without the consent of Siegel-Sanders. A necessary element was that the cattle might be sold by the mortgagor, when sold with the consent of the Siegel-Sanders Company. That was a power coupled with an interest. * * * That power did not cease when the note secured by that mortgage and containing that power and that interest in the Siegel-Sanders Company was transferred to the City Bank. That right in the Siegel-Sanders Company had to be known and was known by the City Bank, when it bought the note. It was its duty under that exceptional mortgage containing those exceptional provisions and that exceptional power coupled with that interest to put upon the record some notice of the fact that it owned the note and disavowed the right of Siegel-Sanders to consent to the sale of mortgaged cattle so far as its note was concerned. Certainly if the City Bank did not do that thing, the power of Siegel-Sanders to consent to the same remained in full force."

If this question was not before the Supreme Court of the territory in the case above referred to, it was before this court in *Smith et al. v. First Nat. Bank of Cadiz, Ohio*, 23 Okla. 411, 104 Pac. 1080, and decided against the contention of counsel. In discussing a clause of the cattle mortgage involved in that case similar to the one referred to by counsel, this court held that:

"This covenant in the mortgage bound the mortgagors, when the cattle were ready for market, to consign them either to Tamblyn & Tamblyn, or any other dealers or persons wishing to purchase; but in either event the proceeds of the sale were to be paid to the mortgagees, who, under the circumstances of this case, must be deemed to be the holder of the promissory note. The transfer of the note carried with it to the transferee the benefit of the security, and thereafter he and not the original mortgagees, was the person to whom the purchase price of the cattle should have been paid."

The judgment of the court below is affirmed.

All the Justices concur.