FIRST NAT. BANK OF CLAREMORE v. C. M. KEYS & CO. *et al.*

FIRST NAT. BANK OF VINITA v. C. M. KEYS & CO. *et al.*

CITIZENS BANK OF PRYOR v. C. M. KEYS & CO. *et al.*

J. C. HOGAN v. C. M. KEYS & CO. *et al.*

Nos. 1947, 1948, 1949, 1950. Opinion Filed January 10, 1911.

**APPEAL AND ERROR—Subsequent Appeal—Law of the Case.** If, upon a cause being remanded with directions to enter judgment in accordance with the opinion of the Supreme Court, the court below enters judgment in substantial conformity with the directions of the appellate court, its action will not be disturbed on a second proceeding in error.

(Syllabus by the Court.)

*Error from District Court, Craig County; T. L. Brown, Judge.*

Second proceeding in error by plaintiffs in error. Dismissed.

*W. H. Kornegay* and *J. Howard Langley,* for plaintiffs in error.

*W. P. Thompson,* for intervener, Vinita National Bank.

*Robert F. Blair,* for the defendants in error, C. M. Keys & Co.

PER CURIAM. The above entitled cases were before this court in a former proceeding in error and the opinion, wherein

the facts are fully stated, is reported in 22 Okla. 174. After the mandate went down the First National Bank of Claremore and the First National Bank of Vinita sought to amend their pleadings and retry the issues involved as though the cases had been reversed and remanded for a new trial. The court refused to allow any amendments, and entered judgment in accordance with what it understood the mandate of the Supreme Court directed. To reverse this action of the court below this proceeding in error was commenced.

The question now before us arises upon a motion to dismiss the petition in error upon the ground, among others, that "The decision of this court when this case was before it on a former appeal, determines every question of law which is now presented by counsel for plaintiff in error, and therefore there is nothing for this court to determine and the petition in error ought to be dismissed." This motion must be sustained. An examination of the record discloses that after the case was remanded the court below entered judgment in substantial conformity with the mandate of the Supreme Court. It has been held by this court that if, upon a cause being remanded for a new trial, the court below has proceeded in substantial conformity to the directions of the appellate court, its actions will not be questioned on a second appeal. *O. C. Elec. Gas & Power Co. et al. v. Baumhoff,* 21 Okla. 503; *C., R. I. & P. Ry Co. v. Broe,* 23 Okla. 396; *State Bank of Waterloo, Ill., v. City Nat. Bank of Kansas City, Mo.,* 26 Okla. 801, 110 Pac. 910.

The petition in error is dismissed.