## HARPER v. KELLY et al.

No. 1076.  Opinion Filed November 14, 1911.

1.  **INDIANS—Allotments—Alienation—Validity of Contracts.** Act. Cong. June 28, 1898, ch. 517, sec. 29, 30 Stat. 507, renders contracts for sale, etc., of land of certain Indian allottees void. Act of July 1, 1902, 1362, 32 Stat. 642, provides that allotted land

shall not be affected by any deed, debt, or other obligation made before the time when such land could be alienated under the act. **Held**, the contract set out in this opinion violated the foregoing acts and is therefore void.

2.     **APPEAL AND ERROR**—Subsequent Appeal—Law of Case. As a general rule, a question decided by the Supreme Court on appeal becomes the law of the case in all its stages and is not open for consideration on second appeal.

(a)     The same rules apply where the former opinion was made by the late United States Court of Appeals for the Indian Territory, this court being its successor.

3.     **SAME**—Determination of Cause—New Trial. If, upon a cause being remanded for a new trial, the court below has proceeded in substantial conformity with the directions of the appellate court, its action will not be questioned on a second trial.

(Syllabus by the Court.)

*Error from District Court, Jefferson County; Frank M. Bailey, Judge.*

Action by W. P. Harper against E. J. Kelly and others. Judgment for defendants, and plaintiff brings error. Affirmed.

*E. E. Morris,* for plaintiff in error.

*Gilbert & Bond,* for defendants in error.

WILLIAMS, J. This proceeding in error is to review the judgment in an action instituted in the United States Court for the Southern District of the Indian Territory, at Ryan, on February 11, 1904, by the plaintiff in error, as plaintiff, against the defendants in error, as defendants, declaring in his complaint upon a certain contract.

On May 15, 1905, judgment was rendered in favor of the plaintiff. An appeal was prosecuted therefrom by the defendants to the United States Court of Appeals for the Indian Territory, at McAlester. On September 26, 1907, the judgment of the trial court was reversed. (*Kelly et al. v. Harper,* 7 Ind. Ter. Rep. 541, 104 S. W. 829.) The syllabus in said case is as follows:

"Act of Cong. June 28, 1898, c. 517, sec. 29, 30 Stat. 507, provides for sale, etc., of the land of certain Indian allottees shall be void. Act July 1, 1902, c. 1362, 32 Stat. 642, provides

that allotted land shall not be affected by any deed, debt or other obligation made before the time when such land could be alienated under the act. Therefore a contract made by any one not an Indian citizen to buy land before allotment is made, is void. Such persons have no right to buy or sell Indian lands before allotment and the expiration of the period of restrictions."

Said cause was reversed and remanded for a new trial. On the 26th day of April, 1909, leave first having been obtained, the plaintiff filed an amended petition, in part as follows:

"For cause of action the plaintiff states that the said defendants are justly indebted to him in the sum of $785.00, together with interest thereon from Feb. 11, 1904, to date, at the rate of six per cent., which said indebtedness is due to the plaintiff for the value of certain improvements consisting of houses, fences, barns and out buildings, situated in what was formerly the Southern District of the Indian Territory, and located upon the following described lands; on section one and twelve, twp. 4 south, range 8 west, in what was then the Chickasaw Nation, and commonly known as the Brown pasture.

"That on the 10th day of Sept., 1903, the said plaintiff sold said improvements above described to the defendants herein, in consideration that the defendants pay to the plaintiff $1,050.00, which was to be paid within sixty days or ninety days if necessary, when said defendants secured possession of the lands above mentioned and the same had been allotted. That the said indebtedness was due solely for the purchase of the improvements situated on said land as above set out. That at the time of the sale of said improvements, said plaintiff and defendants entered into a contract for the sale and purchase of the same, which said contract is hereto attached and made a part hereof. That no part of same has been paid, except the sum of $265.00, which was paid prior to the institution of this suit, leaving a balance now due the plaintiff of $785.00, together with interest as aforesaid, and said defendants fail and refuse to pay said balance although often requested to do so. That said plaintiff has fully complied with said contract and said land has been allotted and defts. have possession thereof."

Then follows the contract, which is as follows:

"Territory of Oklahoma, County of Comanche, ss.

"This contract made and entered into by and between W. P. Harper, of the first part, and Kelley Bros., of the second part.

"Witnesseth: That said party of the first part has this

day bought of said second party the following described property, to wit:  *All of the improvements* and right of possession to the following described lands, to wit: all of sections one (1) and twelve (12), township four (4) range 8 W. I. M., also all of sections six (6) and seven (7) and the west one-half (1-2) of sections five (5) and eight (8), all in township four (4), range (7) W. I. M., in the Chickasaw Nation known as the Brown pasture.

"The consideration for said property is $1,050.00 to be paid within sixty or ninety days, if necessary, when second parties. secure possession and same is allotted.

"Witness our hands this 10th day of September, 1903.

"WITNESS:  R. M. TOWNSEND,          W. P. HARPER,
      "C. A. McBRIAN.              KELLY BROS.
                                  "By T. B. KELLY."

There is a typographical error in the reported copy, but reference to the record in the case in Indian Territory Court of Appeals, which is a part of the record in this proceeding in error, shows the contracts to be identical.

Defendants demurred to said amended petition, on the grounds:  First, that it did not state sufficient facts to constitute a cause of action; second, that said cause of action is based upon a written contract which is void; and, third, because plaintiff does not allege that he was a member of either the Choctaw or Chickasaw Nations or was entitled to hold a possessory right in said nations.  The demurrer being sustained, the plaintiff declined to plead further, and judgment was rendered in favor of the defendants.

"As a general rule, a question decided by the Supreme Court on appeal becomes the law of the case in all its stages and is not open for consideration on a second appeal."  (*Harding v. Gillette et al.,* 25 Okla. 199, 107 Pac. 665; *Oklahoma City Electric, Gas & Power Co. et al. v. Baumhoff,* 21 Okla. 503, 96 Pac. 758; *Chicago, R. I. & P. Ry. Co. v. Broe,* 23 Okla. 396, 100 Pac. 523; *State Bank of Waterloo, Ill., v. City Nat. Bank of Kansas City, Mo.,* 26 Okla. 801, 110 Pac. 910.)

The same rule applies where the former decision was made by the late United States Court of Appeals for the Indian Ter-

ritory, this court being its successor. *State Bank of Waterloo, Ill., v. City Nat. Bank of Kansas City, Mo., supra.*

"If, upon a cause being remanded for a new trial, the court below has proceeded in substantial conformity with the directions of the appellate court, its action will not be questioned on a second trial." (*Chicago, R. I. & P. Ry. Co. v. Broe, supra; Oklahoma City Electric, Gas & Power Co. et al. v. Baumhoff, supra.*)

The case of *Kelly et al. v. Harper, supra*, seems, therefore, to conclude all questions involved in this proceeding. See, also, *Combs et al. v. Miller*, 24 Okla. 576, 103 Pac. 590; *McLaughlin v. Ardmore Loan & Trust Co.*, 21 Okla. 173, 95 Pac. 779.

The judgment of the lower court is affirmed.

TURNER, C. J., and DUNN, J., concur; HAYES and KANE, JJ., disqualified and not participating.