HARSHA v. RICHARDSON *et al.*

No. 2697.  Opinion Filed May 14, 1912.

(124 Pac. 34.)

**APPEAL AND ERROR**—Remand—Procedure—Second Appeal.  Where a cause is reversed and remanded by the Supreme Court with directions to proceed in accordance with the decision of the appellate court, and the court below proceeds in substantial conformity with such direction, its action will not be considered on a second appeal.

(Syllabus by the Court.)

*Error from District Court, Muskogee County;*
*Charles Bagg, Judge.*

Action between Laura E. Harsha, Trustee for the Women's Christian Temperance Union of Muskogee, Okla., and H. E. Richardson and others, Trustees for the Members of the Cumberland Presbyterian Church of Muskogee, Ind. T. From the judgment, Laura E. Harsha brings error. Dismissed.

*C. A. Cook* and *N. B. Maxey,* for plaintiff in error.

*Frank Scruggs* and *Preston C. West,* for defendants in error.

KANE, J. This cause comes on to be heard upon the motion to dismiss the petition in error for the reason that it appears from an inspection of the case-made that every question, both of law and of fact, involved herein is *res judicata* by a former decision of this court in the same case reported in *Richardson v. Harsha,* 22 Okla. 405, 98 Pac. 897. On the former hearing in this court the judgment of the court below was reversed and the cause remanded, with directions to render judgment in accordance with the views of the Supreme Court. After the cause was remanded no further proceedings of any kind were had except to enter judgment in accordance with the opinion and mandate of the court. To reverse this action the present proceeding in error was commenced.

The cause was originally instituted in the United States Court for the Western District of Indian Territory, and was decided by that court prior to the advent of statehood and was pending in the United States Court of Appeals for Indian Territory upon the admission of the state. Thus the law existing in Indian Territory prior to statehood and the procedure thereby provided apply to this cause. In that jurisdiction it was well settled that the Supreme Court had no power after the lapse of the term to reverse or modify its judgment given at a previous term; that, where a cause had been decided and remanded to the lower court all questions determined when the cause was before the appellate court are *res judicata* and must be treated as settled; that, where the Supreme Court determines a matter on appeal and remands the case for judgment, the matter so determined cannot be retried in the lower court, nor considered on a

second appeal, but can only be considered on motion for a re-hearing. *Fortenberry v. Frazier et al.*, 5 Ark. 200, 39 Am. Dec. 373; *Real Estate Bank v. Rawdon*, 5 Ark. 558; *Pulaski County v. Lincoln*, 13 Ark. 103; *Rawdon v. Rapley*, 14 Ark. 203, 58 Am. Dec. 370; *Rector v. Danley*, 14 Ark. 304; *Scott v. Eaton*, 26 Ark. 17; *Perry v. L. R. & F. S. Ry. Co.*, 44 Ark. 386; *Vogel v. Little Rock*, 55 Ark. 609, 19 S. W. 13; *Dyer v. Ambleton*, 56 Ark. 170, 19 S. W. 574. To the same effect are *Oklahoma City Gas, Elec. & Power Co. v. Baumhoff*, 21 Okla. 503, 96 Pac. 758; *Chicago etc., Ry. Co. v. Broe*, 23 Okla. 396, 100 Pac. 523; *Harding v. Gillett et al.*, 25 Okla. 199, 107 Pac. 665; *State Bank of Waterloo, Ill., v. City Nat. Bank of Kansas City, Mo.*, 26 Okla. 801, 110 Pac. 910; *Harper v. Kelley*, 29 Okla. 809, 120 Pac. 293.

All of the foregoing cases sustain the doctrine that where a cause is reversed and remanded by the Supreme Court with directions to proceed in accordance with the decision of the appellate court, and the court below proceeds in substantial conformity with such direction, its action will not be considered on a second appeal.

The motion to dismiss is sustained.

TURNER, C. J., and HAYES, WILLIAMS, and DUNN, JJ., concur.