## LEONARD v. SHOWALTER.

No. 3189.   Opinion Filed December 20, 1913.

(137 Pac. 346.)

1.   **APPEAL AND ERROR—Granting New Trial.** The ruling of the trial court in setting aside the verdict of the jury and granting a new trial will not be disturbed on appeal, unless it clearly appears from the record that the trial court erred in a pure, simple, and unmixed question of law and but for such error would not have so ruled.

2.   **SAME—Law of Case—Subsequent Proceedings.** The opinion in a cause appealed to this court and remanded for further proceedings is the law of that case in the trial court as well as in this court on any subsequent appeal.

(Syllabus by Galbraith, C.)

Error from District Court, Muskogee County;
R. P. de Graffenreid, Judge.

Action by H. P. Showalter against B. V. Leonard, administrator of the estate of Granville Ryles, deceased. Judgment for defendant, and, from an order granting a new trial, he brings error. Affirmed.

Benjamin Martin, Jr., for plaintiff in error.

S. B. Dawes, for defendant in error.

Opinion by GALBRAITH, C. This is the second time this cause has been before this court. An opinion was handed down on the first appeal September 25, 1908, and is reported in 22 Okla. 329, 97 Pac. 569. An examination of that opinion will show that the question presented on that appeal was whether or not the assignee of an agricultural lease could maintain an action of forcible detainer against the tenant of the lessor, holding over after the expiration of his term under the statutes of Arkansas in force in the Indian Territory. Although Mr. Justice Kane, speaking for the court in rendering the opinion, said:

"The complaint in the case at bar not only alleges a purchase of the lease under which the appellee went into possession by the appellant, but also the purchase of the land itself."

The two decisions of the Supreme Court of Arkansas cited as authority for that decision were *Johnson et al. v. West*, 41 Ark. 535, and *Ish v. Morgan, McRea Co.*, 48 Ark. 413, 3 S. W. 440. In the Johnson case the Supreme Court of Arkansas held that "the tenant can no more resist the title of the lessor when asserted by or in the hands of the assignee than when it is held by the lessor himself"; and in the Ish case the court held that the mortgagee of the leased premises, who purchased the lands at a foreclosure sale, may maintain forcible detainer against the tenant of the mortgagor holding over after the expiration of his term. From the holdings of the Supreme Court of Arkansas in these two cases, relied upon by this court, in deciding the former appeal, it is clear that the law of the case, as declared by this court, is that Showalter, as the assignee of the lease, could maintain the action of forcible detainer against Ryles by reason of the purchase and assignment of the lease. This being the case, as declared on that appeal, it is the law of the case in all its subsequent stages, both in the trial court and in this court on any subsequent appeal. *Harper v. Kelly et al.*, 29 Okla. 809, 120 Pac. 293. This being true, and the law of this case being thus declared, it is not important that the pleading under consideration in the first appeal based the plaintiff's right to maintain the action on the assignment of the lease and the subsequent purchase of the premises, and that on the second trial in the district court the plaintiff abandoned his claim under the purchase and based his right altogether upon the purchase and assignment of the lease, since the court, in declaring the law in the case, held that the claim under the assignment of the lease was sufficient to entitle him to maintain the action.

In the trial of the cause, after the plaintiff had introduced his evidence, the defendant demurred to it and this demurrer was overruled. He then moved the court for an instructed verdict in his favor, and this was overruled, and the cause was then submitted upon the plaintiff's evidence and a verdict returned for the defendant. The plaintiff then filed a motion for new trial, which motion was by the court sustained. The defendant appealed and assigned as error the ruling of the court in refusing

an instructed verdict, and the overruling of the demurrer to the plaintiff's evidence, and the order granting a new trial, and the ruling of the court in admitting certain evidence. It is clear from an examination of the record that the ruling of the trial court in overruling the demurrer to the plaintiff's evidence and refusing to instruct a verdict for the defendant was right, since there was introduced competent evidence to show that the plaintiff in February, 1903, purchased the lease from the defendant's landlord, having some two years to run, and that the defendant was notified of this purchase. There was evidence, as shown by the record, sufficient to make out a *prima facie* case for the plaintiff—evidence sufficient, if not contradicted, to entitle him to a verdict and ample to support a verdict if returned for him. The court did not err in overruling the demurrer to the evidence and in refusing to instruct the jury to return a verdict for the defendant.

Under the assignments of error relative to the admission of the evidence, but one instance is referred to; that is the admission of a copy of the lease without the proper certificate attached thereto. The copy was not properly certified in order to entitle it to be admitted in evidence; still this error was immaterial. The defendant was not injured by it, as the verdict of the jury clearly demonstrates. Then the contents of the lease were not material anyway. The only material point about the lease was whether or not it had been assigned to the plaintiff and the length of time it had run, and these facts were established by other testimony aside from this copy.

As to the assignments challenging the action of the court in vacating and setting aside the verdict of the jury and granting a new trial, the rule is well established in this jurisdiction that such rulings will not be disturbed unless it is made clear that the trial court "manifestly and materially erred with respect to some pure, simple, and unmixed question of law," and but for such errors would not have so ruled. See *Ardmore Lodge No. 9, I. O. O. F. v. Dawson et al.*, 33 Okla. 37, 124 Pac. 66, and cases therein cited; *Hughes v. C., R. I. & P. Ry. Co.*, 35 Okla. 482, 130 Pac. 591.

Four separate grounds are set out in the motion for new trial. It does not appear whether the court granted the motion for new trial on one or all of them. We are unable to say that the court in vacating the verdict and granting a new trial erred in a simple, pure, and unmixed question of law, and but for that error would not have so ruled. We are rather inclined to the opinion that the trial court exercised wisely the discretion vested in it in this instance.

It therefore follows that the judgment appealed from should be affirmed.

By the Court:   It is so ordered.