## GIDNEY v. CHAPPLE *et al.*

No. 6501.  Opinion Filed August 11, 1914.

Rehearing Denied August 25, 1914.

(142 Pac. 755.)

1. **APPEAL AND ERROR**—Second Appeal—Law of the Case.. A question decided by the Supreme Court on a former appeal becomes the law of the case in all its stages, and will not ordinarily be reversed upon a second appeal of the same case when the facts are substantially the same.

2. **SAME.** If, upon a cause being remanded, the court below has proceeded in substantial conformity with the directions of the appellate court, its action will not be questioned on a second appeal.

(Syllabus by the Court.)

*Error from Superior Court, Muskogee County,*
*Farrar L. McCain, Judge.*

Action between Samuel E. Gidney and Sydney C. Chapple and others.  From the judgment, Gidney brings error.  Affirmed.

*Wm. T. Hutchings,* for plaintiff in error.

*Yancey Lewis, N. B. Maxey,* and *Chas. F. Runyan,* for defendants in error.

KANE, C. J.  This cause comes on to be heard upon a motion to dismiss the appeal filed by the defendants in error. Counsel for plaintiff in error admits that said cause was brought to this court by a certified transcript, and that the error com-

plained of is in overruling the demurrer of the plaintiff in error to the third amended petition in this case, in rendering judgment against the plaintiff in error, that this cause was passed upon by this court when the said case was before it on another appeal, and that this court has nothing to do, if it adheres to its former ruling, but affirm the judgment of the court below. *Gidney v. Chapple et al.*, 26 Okla. 737, 110 Pac. 1099; *Chapple v. Gidney*, 38 Okla. 596, 134 Pac. 859. It has often been held by this court that a question decided by the Supreme Court on a former appeal becomes the law of the case in all its stages, and will not ordinarily be reversed upon a second appeal of the same case when the facts are substantially the same.

An examination of the record discloses that upon said cause being reversed and remanded, the trial court proceeded in substantial conformity with the directions of the Supreme Court. The authorities are to the effect that if, upon a cause being remanded, the court below has proceeded in substantial conformity with the directions of the appellate court, its action will not be questioned on a second appeal. *Oklahoma City Elec. Gas & Power Co. v. Baumhoff*, 21 Okla. 503, 96 Pac. 758; *C., R. I. & P. Ry. Co. v. Broe*, 23 Okla. 396, 100 Pac. 523; *First Nat. Bank v. Keys*, 27 Okla. 704, 113 Pac. 715; *Harper v. Kelly*, 29 Okla. 809, 120 Pac. 293.

The judgment of the court below is therefore affirmed.

All the Justices concur.