## GILLILAND v. BILBY *et al.*

No. 7674.   Opinion Filed March 14, 1916.

(156 Pac. 299.)

**APPEAL AND ERROR—Remand of Cause—Motion for New Trial.**
Where a cause is reversed in this court, with instructions to enter, judgment, and before the mandate is spread of record a motion for a new trial on the ground of newly discovered evidence is filed, which, on motion, is stricken, **held** no error, as the court was without jurisdiction to do other than enter judgment pursuant to the mandate, and that, if applicable at all, Rev. Laws 1910, sec. 5037, cannot be here invoked, for the reason that more than one year has expired since the rendition of the final judgment.

(Syllabus by the Court.)

*Error from District Court, Hughes County;*
*George C. Crump, Judge.*

Action by John W. Gilliland against Nicholas V. Bilby and others.   Judgment for defendants, and plaintiff brings error.   Dismissed.

*Warren & Crutcher,* for plaintiff in error.

*Lewis C. Lawson,* for defendants in error.

TURNER, J.   This is a proceeding in error brought by John W. Gilliland to review the action of the trial court in striking from the files a motion for new trial filed herein.   The facts, briefly stated, are:   This is the second appeal of this cause; judgment having been rendered in the former appeal (*Bilby et al. v. Gilliland,* 41 Okla. 678, 137 Pac. 687) reversing the cause, "with instructions to render judgment in accord with this decision."   After the cause was decided by this court, upon petition for rehearing being filed, an opinion was written

therein (41 Okla. 686, 139 Pac. 988) adhering to the former opinion. The mandate from this court was sent down and filed in the trial court on April 11, 1914. On April 29th, before the mandate had been spread of record by order of court, plaintiff in error here filed his motion for new trial upon the ground of newly discovered evidence. Defendants in error filed a motion to strike said motion from the files, which was sustained, and an order made and entered accordingly; also an order that the mandate be spread of record. It is to reverse the order of the trial court striking the motion for new trial from the files that this proceeding in error is sought to be commenced. Motion to dismiss this appeal has been filed, upon the ground, among others, that the trial court had no jurisdiction to entertain said motion for new trial, since the mandate from this court reversing this cause, with directions to enter judgment, had been issued, and that it was the duty of the trial court to proceed only in accordance with such mandate. The motion should be sustained.

In *John Hancock Mut. Life Ins. Co. v. Manning* (C. C.) 7 Fed. 299, after the case had been affirmed by the Supreme Court of the United States and mandate issued to the Circuit Court, defendant filed a motion for new trial upon the ground of newly discovered evidence. In refusing to entertain jurisdiction of said motion the court said:

"* * * This court has no authority to grant the motion, however meritorious the case might be, because it must execute the mandate of the Supreme Court sent here upon the affirmance of the judgment of this court by the Supreme Court. That mandate entitles the plaintiff to an absolute and final judgment. If a mandate of

the Supreme Court is open to construction, the court below can resort to the opinion of the Supreme Court, and can apply proper rules of construction, but further than this the court below cannot go."

In the syllabus to the above case it was held:

"The Circuit Court cannot entertain a motion for a new trial upon the ground of newly discovered evidence after a mandate has been received from the Supreme Court entitling the plaintiff to an absolute and final judgment."

In *Ex parte Dubuque v. Pacific Railroad,* 1 Wall. 69, 17 L. Ed. 514, where the court below, after entering judgment according to the mandate, and thereafter affidavits of ability to show new facts having been filed, granted a motion for a new trial, the Supreme Court issued a mandamus commanding the lower court to vacate and erase the order, upon the ground that the authority of the court below extended only to executing the mandate.

In *Ex parte Sibbald,* 12 Pet. 488, 9 L. Ed. 1167, it is said:

"* * * The inferior court is bound by the decree as the law of the case, and must carry it into execution, according to the mandate. They cannot vary it, or examine it for any other purpose than execution, nor give any other or further relief."

The right of a trial court to entertain jurisdiction of a motion for new trial in a case which has been reversed on appeal, with directions to enter judgment, has never been determined by this court, but it has been held in *Harsha v. Richardson et al.,* 33 Okla. 108, 124 Pac. 34, that:

"Where a cause is reversed and remanded by the Supreme Court, with directions to proceed in accordance with the decision of the appellate court, and the court below proceeds in substantial conformity with such direction, its action will not be considered on a second appeal."

And in the opinion it is said:

"* * * Where the Supreme Court determines a matter on appeal and remands the case for judgment, the matter so determined cannot be retried in the lower court, nor considered on a second appeal, but can only be considered on motion for a rehearing."

See, also, *First Nat. Bank v. C. M. Keys & Co. et al.,* 27 Okla. 704, 113 Pac. 715; *O. C. Elec. Gas & Power Co. et al. v. Baumhoff,* 21 Okla. 503, 96 Pac. 758; *C., R. I. & P. Ry. Co. v. Broe,* 23 Okla. 396, 100 Pac. 523; *State Bank of Waterloo, Ill., v. City Nat. Bank of Kansas City, Mo.,* 26 Okla. 801, 110 Pac. 910; *Harper v. Kelly,* 29 Okla. 809, 120 Pac. 293; *Gidney v. Chapple et al.,* 43 Okla. 267, 142 Pac. 755; *Leonard v. Showalter,* 41 Okla. 122, 137 Pac. 346.

If the practice of filing a motion for new trial after a case has been reversed, with directions to enter judgment by the Supreme Court, were permitted, there would be no end of litigation. We, therefore, hold that, where a case has been reversed, with directions to enter judgment, and mandate is issued and filed in the trial court, the trial court cannot entertain a motion for new trial upon the ground of newly discovered evidence, and that the trial court is bound by the decree of the Supreme Court, and must carry it into execution according to the mandate. If Rev. Laws 1910, section 5037, has anything to do with this case, it cannot be here invoked, for the

reason that more than one year has expired since the rendition of the final judgment.

The appeal will therefore be dismissed.

All the Justices concur.