## HILL v. HILL et al.

No. 9245—Opinion Filed Jan. 13, 1919.

(178 Pac. 94.)

(Syllabus.)

**Appeal and Error—Decree Following Mandate—Dismissal.**

An appeal will not be entertained by this court from a judgment and decree entered in the district, or other inferior court, in exact accordance with the mandate of this court upon a previous appeal.

Error from District Court, Garvin County; F. B. Swank, Judge.

Suit by James A. Hill against Ruth Hill and others. Decree for plaintiff, and defendant Ruth Hill, a minor, by Mattie Hill, her guardian, brings error. Petition in error dismissed.

Blanton & Andrews, for plaintiff in error.

TISINGER, J. This is an appeal to this court from a final judgment and decree rendered by the district court of Garvin county, in which James A. Hill was plaintiff, and Ruth Hill, the plaintiff in error, and John Edgar Hill, William Riley Hill, Harry Vernon Hill, Susie Peevy, nee Hill, and Ude Polk, were defendants. The decree rendered by the district court was in conformity with the mandate of this court in the case of James A. Hill, plaintiff in error, against John Edgar Hill and the other parties to this cause, defendants in error, decided July 25, 1916, and reported in 58 Okla. 707, 160 Pac. 1116. The defendants in error have filed their motion to dismiss the petition in error in this cause on the ground that all the matters complained of therein have been adjudicated by this court in the case on the former appeal. On examination of the record it appears that the motion should be sustained.

The original case was decided by this court on July 25, 1916, and a petition for rehearing denied on November 21, 1916. In due course the mandate of this court, directing that the judgment complained of be set aside and that judgment be entered pursuant to the views of the court expressed in the opinion, was spread of record in the district court of Garvin county, and judgment was rendered thereon in conformity therewith.

In accordance with the rule announced in the case of First National Bank of Claremore v. C. M. Keys & Co. et al., 27 Okla.

.704, 113 Pac. 715, and followed in other cases by this court, to the effect that when a cause is remanded with directions to enter judgment in accordance with the opinion of the Supreme Court, and the court to which the mandate is directed enters judgment in substantial conformity with such directions, its action will not be disturbed on a second proceeding in error, we are of the opinion that the motion of the defendants in error must be sustained. Oklahoma City Electric Gas & Power Co. et al. v. Baumhoff. 21 Okla. 503, 96 Pac. 758; C., R. I. & P. Ry. Co. v. Broe, 23 Okla. 396, 100 Pac. 523; State Bank of Waterloo, Ill., v. City National Bank of Kansas City, Mo., 26 Okla. 801, 110 Pac. 910; Midland Valley R. Co. v. Featherstone, 43 Okla. 705, 144 Pac. 362; Harsha v. Richardson, 33 Okla. 108, 124 Pac. 34; City of Ardmore v. Colbert, 52 Okla. 235, 152 Pac. 603; Insurance Co. of North America v. Cochran, 59 Okla. 200, 159 Pac. 247; First National Bank of Temple v. Brown, 62 Okla. 112, 162 Pac. 454.

In this case the judgment and decree from which the appeal is taken are in exact accordance with the mandate of this court upon the previous appeal, and a second appeal. involving the identical questions determined in the first appeal, should not be entertained.

The petition in error is dismissed.

SHARP, C. J., (concurring). In the original opinion handed down July 25, 1916, and reported in 58 Okla. 707, 160 Pac. 1116, I filed a dissenting opinion, as did my late Brother, Justice Thacker. A further consideration of the question there decided in the majority opinion convinces me of the soundness of the rule announced in the dissenting opinions. It appears, however, from the uncontroverted facts as shown by the motion to dismiss, that, upon the going down of the mandate, John R. Long and W. J. Long, in reliance upon the rule announced and the order of the court, in good faith paid to the full brothers and sisters of Thomas J. Hill, deceased, the full purchase price of the lands, the title to which was in controversy, according to the terms of a contract previously made and entered into between them. In the situation presented by the record and the motion to dismiss, the court could not, in the instant case, depart from the rule announced in the majority opinion without disturbing the rights of those who have acted in reliance thereon. Such being the case, and for that reason only, I concur in the opinion.