MARSHALL v. CANTRELL.

No. 33887. June 12, 1951.

Rehearing Denied Oct. 2, 1951.

Application for Leave to File Second Petition for Rehearing Denied Oct. 16, 1951.

*236 P. 2d 262.*

Williams & Williams, Ardmore, for plaintiff in error.

Thos. W. Champion and Louis A. Fischl, Ardmore, for defendant in error.

PER CURIAM. This is a second appeal in this case and the matter comes on to be heard upon a renewal of defendant in error's motion to dismiss the appeal.

The action was instituted by plaintiff in error, Grace A. Marshall, against defendant in error, D. E. Cantrell, Sr., to quiet title to real estate. Plaintiff was awarded judgment and defendant appealed therefrom. The appeal was disposed of September 30, 1947, and is reported in Cantrell v. Marshall, 200 Okla. 573, 197 P. 2d 990.

The determination of the case on appeal is reflected in the following, stated in the opinion:

"The cause is reversed, with directions to the trial court to deny plaintiff the relief sought and to award defendant judgment for his costs."

The mandate was issued on October 7, 1948, and carried direction in the following usual form:

"Now, Therefore, you are hereby commanded to cause such Reversal to show of record in your court and to issue such process and take such other and further action as may be in accord with right and justice and said opinion."

On October 14, 1948, defendant filed in the trial court his motion asking that the mandate be spread of record and judgment be awarded defendant in accordance therewith, and thereafter, on October 19, 1948, the motion was sustained and defendant awarded judgment as directed. Thereafter, on said October 19th, the plaintiff, by leave of court, was permitted to file an amended petition wherein there is sought to litigate anew, on the basis of further allegations, the issues determined on the appeal. And, on the following day, October 20th, plaintiff filed motion to vacate said judgment. On the same day defendant moved the court to strike the amended petition upon the ground, among others, that the judgment awarded was res judicata of all matters at issue in the cause. Upon consideration thereof the court sustained the motion to strike the amended petition and overruled the motion to vacate the judgment, and it is from these orders that this appeal is prosecuted.

The decision on the appeal was a complete determination of the issues involved in the case and judgment thereon as directed a final determination of the rights involved. In such situation, on authority of Gilliland v. Bilby, 53 Okla. 309, 156 P. 299, the trial court was in duty bound to execute the mandate of this court by entering judgment for defendant in accordance with the law of the case as stated in the opinion, which was done, and the court was without authority to entertain the amended petition. The motion to vacate does not allege that the judgment is at variance with the mandate and therefore presented no justiciable question. The actions of the court in striking said amended petition and overruling the motion to vacate were in conformity with its duty under the decision of this court. It follows, as stated in Harsha v. Richardson, 33 Okla. 108, 124 P. 34:

"Where a cause is reversed and remanded by the Supreme Court with directions to proceed in accordance with the decision of the appellate court, and the court below proceeds in substantial conformity with such direction, its action will not be considered on a second appeal."

The motion to dismiss is sustained.

ARNOLD, C. J., LUTTRELL, V. C. J., and CORN, HALLEY, JOHNSON, and O'NEAL, JJ., concur.