Henry G. MARSHALL, Plaintiff in Error,

v.

Ida B. MARSHALL, Defendant in Error.

No. 40306.

Supreme Court of Oklahoma.

Dec. 14, 1965.

Charles Hill Johns, Oklahoma City, for plaintiff in error.

Jack L. Spivey, Paul Pugh, Oklahoma City, for defendant in error.

WILLIAMS, Justice.

This is the second appeal growing out of a divorce case.

This cause was commenced here on October 16, 1962, as an appeal by case made from the trial court's order of July 27, 1962, sustaining a motion to strike as well as a special demurrer, both directed at the amended cross-petition and the amendment thereto filed by plaintiff in error, defendant below, after mandate was spread of record following our decision in Marshall v. Marshall, Okl., 364 P.2d 891. As disclosed by the record whereon review is sought, the notice served on October 10, 1962, apprised defendant in error that the case made would be presented for its settlement by the trial judge on October 15, 1962, at 1:30 P.M. According to the trial judge's certificate the settlement of case made was actually effected on October 16, 1962, Acting sua sponte the court directed by order of March 23, 1965, that plaintiff in error show cause

why this appeal should not be dismissed because the case made whereon it is sought to be prosecuted is a nullity under the rule announced in Carlton v. State Farm Mutual Automobile Insurance Co., Okl., 309 P.2d 286, 290; and Scott v. Hansen, Okl., 279 P.2d 654. In the case first cited the court held: If after due notice has been served of the time and place the case made will be presented to the trial judge for settlement, no settlement is effected at the time and place designated, the notice so given becomes functus officii and before such case made may be validly settled another notice setting forth the time and place of settlement must be given to the opposite party. In the latter decision the court held that a case made is a nullity, and an appeal prosecuted thereon must be dismissed, if its settlement was effected without due advance notice to the opposite party, without appearance of such party at the time of settlement and without any waiver of proper notice.

The response of plaintiff in error disputes neither the applicability nor the force of the two decisions invoked by the order of March 23, 1965. Rather, the court is urged to consider this cause as an appeal by certified transcript of the record instead of by case made. Plaintiff in error points out that this proceeding in error was filed within the maximum period of three months prescribed by 12 O.S.1961, § 972—the statute which was in effect when final order herein involved was rendered in the trial court, and that the errors sought to be assigned are apparent on the face of the judgment roll. The argument advanced by plaintiff in error concludes that the questions sought to be presented are reviewable on appeal by transcript and that this cause should be treated as such an appeal.

■ Our examination of the record impels us to a different conclusion. The instant proceeding in error may not be regarded as an appeal by certified transcript of the record because the record whereon it is sought to be prosecuted neither contains, nor is it certified as a full, true and complete transcript of the entire judgment roll. The certificate of authentication by the court clerk merely recites that "the above and foregoing contains a full, true, correct and complete transcript and copy of all the *pertinent portions* of the record * * *". The law stands settled by an unbroken line of decisions that where an instrument attached to the petition in error contains, and is authenticated as a copy of less than the entire judgment roll (record proper), it is wholly ineffective as a certified transcript of the record and presents nothing for review; after the expiration of the maximum period prescribed by law for the commencement of an appeal by transcript such fatally defective instrument may no longer be corrected by supplying the omitted parts of the record proper and by procuring its recertification as a copy of the complete judgment roll. Schabel v. Wright, 179 Okl. 73, 64 P.2d 855; Render et al. v. Dodson, 179 Okl. 352, 66 P.2d 14; Adams Royalty Co. v. Faulkner, 176 Okl. 423, 55 P.2d 1033, 1036; Short v. Hale, Okl., 400 P.2d 816.

■ The instrument attached to the petition in error is a nullity both as a transcript and as a case made. The fatal defects which taint the record may no longer be corrected. This is because the maximum time prescribed by the statute in force for the commencement of an appeal both by transcript and by case made when judgment herein was rendered (12 O.S.1961, § 972) has now expired. Short v. Hale, supra; Shepherd v. Herndon, Okl., 398 P.2d 511.

The Court has noticed the provisions of Senate Bill 198 of the Thirtieth Oklahoma Legislature (now 12 O.S.Supp.1965, §§ 988, 989) respecting the waiver of certain defects by joining in the settlement of case made. Those sections were not in effect when briefs were filed herein and are not relied upon by the parties. For other reasons, as appear hereinafter, it is not necessary to deal therewith.

■ The record in this Court reflects that plaintiff in error did give timely notice

of his intention to appeal within 10 days from final order, as required by 12 O.S. 1961, § 954, and the petition in error was filed herein within the 90-day period prescribed by 12 O.S.1961, § 956.2 for the commencement of an appeal upon the original record. This Court stands firmly committed to the view that but two steps are required to confer jurisdiction upon it of an appeal upon the original record: (1) notice of appeal must be given within the 10-day period and in the manner specified in 12 O.S.1961, § 954; and, (2) petition in error must be filed in this Court within 90 days after final order as provided in 12 O.S.1961, § 956.2. (Not involved herein is any question concerning the making of $25.00 cost deposit required by 20 O.S.1961, § 15 and made an additional jurisdictional requirement by our rules adopted pursuant to House Bill No. 999 of the Thirtieth Oklahoma Legislature [now 12 O.S.Supp. 1965 § 990] respecting the new "appeal in simplified form"). An appeal upon an original record stands perfected when these two requirements are met; all other procedural steps prescribed by statute for bringing an appeal by that method are merely directory and failure to take such steps will not affect the jurisdiction of this Court. An appeal once begun by one statutory method may be later perfected by another. The law has never required, nor does it now, that when notice of appeal is given the aggrieved party make a binding election of the mode by which the appeal will be prosecuted. Diehl v. Phillips Petroleum Co., 376 P.2d 203; Davis v. De Geer, 91 Okl. 111, 216 P. 156; Leavenworth, N. & S. Ry. Co. v. Whitaker, 42 Kan. 634, 22 P. 733.

■ While we cannot, for the reasons stated, consider this cause as a proceeding in error either by case made or by certified transcript of the record, we may and do treat it as an appeal upon the original record.

The determination of the earlier appeal of this case is stated in the opinion thusly:

"The judgment of the trial court is reversed and remanded with directions to the trial court to vacate that portion of the judgment awarding the defendant an interest in the overriding royalty interest involved herein and the money now held by Sinclair Crude Oil Company as pipe line purchaser of oil and/or gas produced and saved from said overriding royalty interest. The trial court is further directed to enter judgment in favor of the plaintiff awarding to her the said overriding royalty interest and the money now held by Sinclair Crude Oil Company as pipe line purchaser of oil and/or gas produced and saved from said overriding royalty interest."

The mandate was issued on September 29, 1961, and carried direction in the following usual form:

"Now, Therefore, you are commanded to cause such Reversal and Remandance with directions to show of record in your court and to issue such process and take such other and further action as may be deemed in accord with right and justice and said opinion."

On October 6, 1961, plaintiff in the trial court filed in that court her motion asking that the mandate be spread of record and that judgment be awarded plaintiff in accordance therewith, and, pursuant to plaintiff's motion, on October 13, 1961, the mandate was spread of record and the concerned interest in the overriding royalty interest together with the money held by Sinclair Crude Oil Company as pipe line purchaser of oil and/or gas produced and saved from said overriding royalty interest was adjudged and decreed to be the separate property of the plaintiff free and clear of all claims and demands of the defendant in that court. On October 13, 1961, defendant filed his amended cross-petition wherein he sought to re-litigate the total property division made by the district court, except the overriding interest, in view of the fact that the appeal of the issue as to the overriding royalty interest had resulted adversely to defendant and de-

fendant had not appealed from the judgment of the trial court as to the total property division. Plaintiff moved to strike defendant's amended cross-petition and amendment thereto upon the ground, among others, that a final judgment had been had, that res judicata, and estoppel by judgment, operated against defendant's contention, and that the court was without further jurisdiction in the cause. A special demurrer was also interposed by plaintiff. Upon consideration thereof the court sustained the motion to strike, and the special demurrer to, the amended cross-petition, and amendment thereof, and ordered the same stricken and expunged from the records in this case.

Referring to State ex rel. Goldsborough v. Huston, 28 Okl. 718, 116 P. 161, defendant contends that the judgment rendered in the appeal decision left open the marital property division issue and the trial court's determination of the latter issue can properly be reviewed by new proceedings in error. He refers to Oklahoma City Land & Development Co. v. Hare, 66 Okl. 190, 168 P. 407, as authority for the contention that the district court may construe the mandate to ascertain what action has been directed by the appellate court when the remand is for further proceedings in accordance with, in conformity to, or not inconsistent with, the opinion. Defendant further contends that State ex rel. Wolfe v. Crump, 143 Okl. 71, 287 P. 719, and other cases, stand for the principle that a cause reversed and remanded stands in the same position as if no trial had been had and the pleadings therein may be amended and new issues formed, except as to the issue obtained by the appellate decision.

 The instant case, however, was remanded with specific instruction and the trial court was, as in Gilliland v. Bilby et al., 53 Okl. 309, 156 P. 299, bound to execute the mandate of this Court by entering judgment in accordance with the law of the case as stated in the opinion, which was done, and the trial court was without authority to entertain the amended cross-petition, and amendment thereto. The decision in the former appeal in this matter reversed the trial court as to " * * * that part of its judgment" awarding the defendant an interest in the overriding royalty and remanded the cause with directions that the same be awarded plaintiff as her separate property. No appeal had been taken from the trial court's division of other property. The remandance by the appellate court contained positive and specific direction to the trial court which affected only the part of the judgment at issue in the first appeal. The actions of the trial court in striking said amended cross-petition and amendment and in sustaining plaintiff's special demurrer were in conformity with the duty of the trial court under the decision of this Court. As was stated in Harsha v. Richardson, 33 Okl. 108, 124 P. 34:

"Where a cause is reversed and remanded by the Supreme Court with directions to proceed in accordance with the decision of the appellate court, and the court below proceeds in substantial conformity with such direction, its action will not be considered on a second appeal."

See also Marshall v. Cantrell, 205 Okl. 192, 236 P.2d 262, wherein it was held:

"Where a case is remanded to the trial court with directions to enter judgment for one of the parties and the judgment is entered in substantial conformity with the directions of the Supreme Court the action of the trial court thereon will not be reviewed on a second appeal."

The order of the trial court sustaining plaintiff's motion to strike defendant's amended cross-petition, and amendment, and sustaining plaintiff's special demurrer thereto, is affirmed.

HALLEY, C. J., and DAVISON, IRWIN, BERRY, HODGES and LAVENDER, JJ., concur.