B. SCHWARTZBERG, *Appellant*, v. THE CENTRAL AVENUE STATE BANK, *Appellee*.

No. 16,999.

### SYLLABUS BY THE COURT.

1. ATTACHMENT—*Proof that Order Was Wrongfully Obtained.* A final judgment in an attachment proceeding in favor of the defendant is conclusive that the attachment was unlawfully and wrongfully obtained.

2. ACTIONS AND REMEDIES—*Joinder of Causes of Action—Election.* In an action for damages for an unlawful attachment, where the petition charges that the attachment was wrongfully and maliciously obtained, but one cause of action is stated, and it is error to require the plaintiff to elect whether he will proceed for the wrongful or for the malicious taking.

3. BANKRUPTCY—*Exempt Property of Bankrupt Does Not Pass to Trustee.* Property exempt from process for the payment of a bankrupt's debts does not pass to the trustee in bankruptcy; nor does a cause of action for the wrongful detention thereof.

4. —— *Accrual of Action for Taking Exempt Property of Bankrupt.* Where exempt property is wrongfully taken in an attachment proceeding, an action immediately lies for the recovery of such property or for damages for the unlawful taking thereof.

5. ATTACHMENT—*Property Taken and Its Value—Evidence—Sheriff's Return.* The return of a sheriff as to property taken in an attachment proceeding or as to the value thereof is not conclusive against the defendant in the attachment action.

Appeal from Wyandotte court of common pleas. Opinion filed April 8, 1911. Reversed.

*Edward C. Little,* for the appellant; *John T. Sims,*
of counsel.

*Junius W. Jenkins,* for the appellee.

The opinion of the court was delivered by

SMITH, J.: Schwartzberg, in his petition herein,
filed August 16, 1906, states: That on the 13th of
February, 1906, he was living in Kansas City, Kan., and
conducted a tailoring, clothing and gents' furnishing
store; that on that date the defendant bank filed a
petition in the common pleas court for the recovery of
$500 on a promissory note due thirty days thereafter,
and at the same time procured an attachment to be
issued against this plaintiff's property; that the sheriff
seized the entire stock of clothing and other merchan-
dise, all the shelving and counters in the plaintiff's
business, and also all the tailoring appliances and stock
in trade used by the plaintiff in his business as a tailor,
which were exempt from attachment; that the grounds
for attachment stated in the affidavit and motion were
wholly false, untrue, malicious and without probable
cause; that in consequence of such attachment the plain-
tiff's business was closed, he was deprived of the posses-
sion thereof, also of his exempt tools, appliances and
stock in trade, his business was ruined and his liveli-
hood cut off for about eight months; that he employed
and paid attorneys to the amount of $400; that in di-
rect consequence of such attachment proceedings the
plaintiff was financially wrecked, his standing and
credit as a business man and his reputation for honesty
and fair dealing ruined to such a degree that he will
be unable to carry on a business in the community;
that by reason of the wrongful and unlawful acts of
the defendant the plaintiff is entitled to punitive dam-
ages, and prays judgment for $7400.

On the 16th day of April, 1908, Schwartzberg filed

an amended petition in this case, which appears to have been like the original petition, except the following:

"That on or about the 27th day of January, 1908, said action [attachment suit of the bank against Schwartzberg] was duly and regularly tried by said court of common pleas, and said court found the issues joined in said action in favor of the defendant therein, B. Schwartzberg, who is plaintiff herein, and rendered judgment against said Central Avenue State Bank, the plaintiff therein, thereby conclusively and finally determining and adjudicating that said grounds of attachment as stated in said motion, affidavit and petition were wholly false, untrue and utterly without foundation, in fact. A true copy of said judgment is hereto attached, marked 'Exhibit C,' and made a part hereof.

"That by reason of the malicious and unlawful acts of the defendant in said attachment proceedings the plaintiff is entitled to punitive damages or exemplary damages in the sum of $1000, in addition to the actual damages above mentioned.

"That on the 8th day of March, 1906, and as a direct result of the attachment of the defendant, as aforesaid obtained, the plaintiff was by the United States district court of the district of Kansas adjudged an involuntary bankrupt on the application of the Courtney Shoe Company, the Swofford Dry Goods Company, and the American Hand Sewed Shoe Company, who were at said time other creditors of this plaintiff.

"That in said bankruptcy proceedings the entire stock of goods of the plaintiff's said business and the fixtures were taken possession of by a receiver appointed by said United States district court, and were by him sold at forced sale at a great sacrifice and loss of about $2000 to the plaintiff."

To this amended petition the bank filed a general denial. At the conclusion of Schwartzberg's evidence the bank filed a demurrer thereto, on the ground that it was not sufficient to prove a cause of action in favor of the plaintiff and against the defendant. The demurrer was sustained, and, a motion for a new trial having been denied, judgment was rendered against

Schwartzberg for costs. From this judgment he appeals.

There are numerous specifications of error, which may be grouped under five heads: (1) The exclusion of evidence offered by the plaintiff; (2) the order of the court requiring the plaintiff to elect as to causes of action; (3) in admitting in evidence a notation of the sheriff showing that the goods, after being taken under the attachment, were turned over to the United States marshal; (4) in sustaining a demurrer to the evidence; and (5) in denying the motion for a new trial and rendering judgment for the defendant.

The plaintiff in his petition alleged that the attachment was wrongful and malicious, and, after he had introduced in evidence the judgment in the attachment case, offered further evidence tending to show that the attachment was wrongful and malicious on the part of the defendant. To this, objection was made that the petition stated two causes of action commingled, and the court required the plaintiff to elect upon which he would proceed. The plaintiff replied that he elected to proceed upon both grounds. The court then ruled that "testimony to prove a malicious attachment would be allowed to be introduced. Testimony to show a wrongful attachment will be excluded." This was error. There was but one cause of action, the unlawful taking of the property and the results therefrom. If the taking was simply wrongful, there was one measure of damages; and if both unlawful and malicious, there was another measure of damages. The taking could not be wrongful and malicious without also being wrongful. It was well said in *Fry v. Estes,* 52 Mo. App. 1:

"No case can be found in this state wherein the plaintiff sued in one count for the wrongful, and in the other for the malicious, attachment of his property, nor is there any reason for adopting that course, since, if an action on the case will lie for a *wrongful* attachment, malice in the attachment merely goes in ag-

gravation of the damages and furnishes no independent cause of action." (p. 9.)

The decision of the court in the attachment action, finding in favor of the plaintiff herein and dissolving the attachment, is conclusive proof that the attachment was unlawful. (*Hoge v. Norton,* 22 Kan. 374.) The plaintiff then had the right to proceed further and prove the nature of the wrongful acts and the extent of his damages therefrom.

Schwartzberg testified that he could not resume business until the October following the attachment, and for the purpose of showing that the attachment broke him up in business and deprived him of his means of doing business he was asked why he could not resume business before that time. An objection to this question was also sustained, and was erroneously sustained. If the attachment was wrongfully obtained, the loss to his business is one of the elements of his damages. (*Western News Company v. Wilmarth,* 33 Kan. 510.)

The plaintiff introduced the sheriff's return of the attachment, as, in effect, an admission of the defendant, and offered evidence to show that the return did not include all of the property taken by the sheriff. On objection to such evidence the court ruled: "There is not anything this defendant ever took or got that was not acquired by the sheriff when he went there, and this sheriff's return shows what he got. The return of the sheriff can not be impeached by testimony of this kind." This is error. The sheriff's return is not conclusive as against the defendant in that action. (*Simpson v. Voss,* 31 Kan. 227.) Schwartzberg had testified that when the sheriff served the attachment papers he walked into the plaintiff's store and asked him for his key, which he surrendered; then told him to take his cash and get out, and the sheriff followed him out and locked the door. This, if true, constituted a taking of everything within the store, and the de-

fendant is responsible for anything unlawfully taken. (*Simpson v. Voss,* supra.)

The amended petition alleged, in effect, that on the day following the attachment of the plaintiff's goods they were turned over, on the order of the United States district court, to the marshal, under an involuntary bankruptcy proceeding which had been started against Schwartzberg, and it is contended that, under subdivision 6 of section 70 of the bankruptcy act of 1898 (30 U. S. Stat. at L. p. 566, 1 Fed. Stat. Ann. p. 701), the trustee in bankruptcy by that proceeding acquired all of Schwartzberg's causes of action arising upon contracts or from the unlawful taking and detention of, or injury to, his property. This is correct; but it includes, of course, only the property that passed to the trustee in bankruptcy, and the taking and detention thereof. Subdivision 6 of section 70 of the bankruptcy act of 1898 provides: "Rights of actions arising upon contracts or from the unlawful taking or detention of, or injury to," the bankrupt's property pass to the trustee.

The defendant further contends that, as Schwartzberg's action was originally started while the attachment case was pending against him, he had at that time no cause of action whatever, and that any trial errors committed could not prejudice him, because he was in no event entitled to any judgment. The property attached, if any, which was exempt by law, was not legally subject to attachment in any event and did not pass to the trustee in bankruptcy, and for the taking of this property Schwartzberg had a cause of action immediately upon its seizure. If the attachment was procured maliciously, any damages which he suffered from the tort, aside from the taking and detention of the property turned over to the trustee, did not pass to the trustee in bankruptcy.

The amended petition—so-called—was really, in part,

.a supplemental petition, and alleged facts that had occurred after the beginning of the original action. The plaintiff should have procured an order of court to file an amended and supplemental petition, but since it is the policy of the law that all causes of action connected with one transaction shall be tried in one suit, and as this case, so far as it has proceeded, proceeded as though the latter petition had been properly filed, and as the court, on application, should have allowed it, we will regard the case as if a proper order had been obtained and an amended and supplemental petition had been filed in the language of the so-called amended petition.

The court correctly admitted in evidence the amendment to the sheriff's return on the order of attachment.

From what has been said, it follows that the court erred in sustaining the demurrer to the plaintiff's evidence and in denying his motion for a new trial. The judgment is reversed and a new trial is awarded, with instructions to proceed in accordance with the views herein expressed.