## MIDLAND VALLEY R. CO. v. FEATHERSTONE.

No. 5065.  Opinion Filed November 10, 1914.

(144 Pac. 362.)

**APPEAL AND ERROR**—Decision on Appeal—Affirmance. Where upon a second appeal it appears that the trial court has proceeded in compliance with the directions of this court in its former opinion, and an examination of the case-made discloses that no substantial right of plaintiff in error has been prejudiced, the judgment will be affirmed.

(Syllabus by the Court.)

*Error from Superior Court, Muskogee County;*
*Farrar L. McCain, Judge.*

Action by Charles H. Featherstone against the Midland Valley Railroad Company. Judgment for plaintiff, and defendant brings error. Affirmed.

See, also, 32 Okla. 837, 123 Pac. 1123.

*Edgar A. De Meules* and *Sol. H. Kauffman,* for plaintiff in error.

*Charles Bagg* and *J. E. Wyand,* for defendant in error.

BLEAKMORE, J.  This is an action for damages in the sum of $2,000 commenced in the trial court by the defendant in error, as plaintiff, against the plaintiff in error, as defendant. The petition alleges, substantially, that on February 6, 1909, there was pending in the United States Court for the Eastern District of Oklahoma an action on contract theretofore begun by the plaintiff against defendant for the recovery of $7,023 due and owing for materials, supplies, and labor furnished to defendant; that the defendant, well knowing that plaintiff had a good cause of action and would recover therein, intending to cheat and defraud the plaintiff, falsely, deceitfully, and fraudulently represented to him that if he would dismiss said suit with prejudice it would pay him $100 in cash and $75 attorney's fee, and would pay or cause to be paid to him a sufficient amount to settle and pay certain claims and demands due by the plaintiff to others for labor performed and supplies and material furnished by them and used by the plaintiff in the performance of his contract with defendant and of which the defendant had received the benefit (a statement of which claim was attached and made a part of the petition herein as an exhibit) ; that the plaintiff, relying upon said false and fraudulent representations, and believing them to be true, was induced thereby to sign a stipulation for the dismissal of said action in the United States court with prejudice; that defendant had no intention of paying said claims or any part thereof; that said action was dismissed in pursuance of said stipulation, but that nothing was ever paid to plaintiff, except the sum of $100 and $75 to his attorney.  Defendant answered by way of general denial, and alleged further that if any fraud was practiced, within a few days thereafter the plaintiff became fully aware that it was the contention of defendant that under its agreement with him it was not to pay any of said claims, but

only the sum of $175 received by him, and that he thereafter accepted the sum of $40, the amount theretofore expended by him as costs, in full and final settlement of said suit.

The case was before this court on a former appeal (*Midland Valley R. Co. v. Featherstone,* 32 Okla. 837, 123 Pac. 1123), and virtually all the questions presented by plaintiff in error for a reversal of the cause in this proceeding were determined therein, and have become the law of the case. It was there urged by plaintiff in error (plaintiff in error here) that the trial court erred in not requiring the plaintiff to make his petition more definite and certain, and this contention was sustained by this court in an opinion by Harrison, C., using the following language:

"This petition, in our opinion, is too indefinite and uncertain in reference to just what defendant agreed to do, just what the amounts of the outstanding bills were, and to whom they were due, and for what they were due, to give the defendant notice of just what he was sued for, or to enable him to make a proper defense, and too uncertain to base a definite judgment upon. We think the court erred in not requiring the plaintiff to amend by making his petition more definite and certain in these particulars, and erred in admitting testimony without such amendments. The allegations in the petition should be sufficiently clear, definite, and certain to enable the court to clearly understand, not only the specific wrongs complained of and what particular acts constituted same, but also the correct measure of redress afforded in law, and we do not think this is true in the case at bar."

In conformity to such opinion, plaintiff amended his petition, and attached as an exhibit thereto·a statement setting forth the aggregate amount of each claim, showing to whom it was due and for what.

This cause has been twice tried to a jury upon substantially the same questions of fact and law; and on this proceeding this court will confine itself to a review only of those questions of law assigned as error arising at the last trial, and not presented by the former appeal.

From an examination of the record, it appears that the trial court proceeded in strict compliance with the directions of this

court contained in its former opinion, and that no substantial right of the plaintiff in error was prejudiced. Therefore the action of said court will not be questioned on a second appeal. *Gidney v. Chapple et al., ante,* 142 Pac. 755, and cases there cited.

The judgment of the court below is therefore affirmed.

All the Justices concur.