## *BASH et al. v. HOWALD.

No. 6699—Opinion Filed April 11, 1916.
Rehearing Denied June 13, 1916.
(157 Pac. 1154.)

**1. Appeal and Error—Review—Successive Appeals—Law of the Case.**

A question decided by the Supreme Court upon appeal becomes the law of the case,

*Appealed to the Supreme Court of the United States.

and ordinarily will not be reconsidered upon a second appeal of the same case.

**2. Courts—Orders—Nunc Pro Tunc Entry.**

A nunc pro tunc entry imports the same verity and proves the contents of an order previously made as effectively and conclusively as if such order had been entered of record when made.

**3. Attachment—Order Discharging Attachment—Conclusiveness.**

Where, in a proceeding upon a motion to dissolve an attachment, the parties are present, and evidence is heard, and an order made discharging the attachment upon the merits, such order constitutes a final adjudication of that branch of the case, unless reversed upon appeal, and, in a subsequent action upon the attachment bond, is a conclusive decision that such attachment was wrongfully obtained.

(Syllabus by Bleakmore, C.)

Error from District Court, Garfield County; James B. Cullison, Judge.

Action by William Howald against J. H. Bash and others. From a judgment for plaintiff, defendants bring error. Affirmed.

W. L. Moore, for plaintiffs in error.

H. J. Sturgis, for defendant in error.

Opinion by BLEAKMORE, C. This is an action for damages, commenced in the district court of Kingfisher county by the defendant in error, as plaintiff, against the plaintiffs in error, as defendants, on an attachment bond, the condition of which was to pay all damages sustained by reason of the attachment if the order be wrongfully obtained. The parties are referred to as they appeared below. It is alleged in the petition:

"That the plaintiff is now, and at all times hereinafter mentioned was, engaged in the business of a retail merchant in the city of Hennessey, in Kingfisher county, Oklahoma Territory, carrying on a general line of merchandise of the value of about $10,000.

"That on the 18th day of September, A. D. 1906, the defendant J. H. Bash commenced an action in the district court of said Kingfisher county against the plaintiff herein, and at the time of filing his petition in said action * * * caused an order of attachment to be issued * * * and levied on the stock of goods owned by the plaintiff in said city of Hennessey, and caused the sheriff to take possession of said goods and remove them from the building in which they were kept by this plaintiff.

"That at the time of the filing of said action, and before the issuance of said order of attachment, the defendant J. H. Bash, as principal, and the defendants John Smith and John C. Overton, as sureties, made, executed, and filed in said action their certain undertaking in attachment for the sum of $3,650, wherein said defendants undertook and agreed that, in the event the said attachment was procured wrongfully, they would pay the plaintiff all damages that he might sustain by reason of said attachment, a true copy of which undertaking is hereto attached, made a part hereof, and marked Exhibit A.

"That on the 2d day of October, A. D. 1906, the plaintiff herein presented his application to the judge of the district court of said county at his chambers in the town of Arapaho and within said district, for a dissolution of said attachment, and after the same had been duly heard by the said judge an order was made vacating and dissolving said attachment, for the reason that the grounds set forth in the attachment affidavit were untrue.

"That at the time of making said order the defendant J. H. Bash, pretending to appeal from the decision of the judge of the district court of said district to the Supreme Court of the territory of Oklahoma, caused an order to be made staying the execution of said order of dissolution for a period of 30 days, to permit him to perfect an appeal to said Supreme Court, and caused the sheriff of said county to hold possession of said property until the 2d day of November, A. D. 1906.

"The said defendant J. H. Bash did not appeal from the order made by the district judge, and did not at the time of procuring such stay intend to appeal from said order, and that by reason of his failure to perfect such appeal the order made by the district judge aforesaid dissolving the said attachment was wrongfully issued has become and is final.

"The plaintiff alleges that by reason of the wrongful issuance and levy of the order of attachment in said cause that plaintiff has suffered damage in this: That he has been compelled to pay out the following sums of money in procuring a dissolution of said attachment: Railroad fare from Hennessey to Enid, the residence of his attorneys, $10; stenographer's fees for preparing necessary affiavits for use in the hearing on the motion to discharge the attachment at Arapaho, $10; railroad fare of plaintiff and his attorneys from Enid to Arapaho and return, $20; for labor in taking inventory of the goods after they were returned by the sheriff, and for cleaning and preparing the same for sale, $125; retainer paid to Manatt & Sturgis, plaintiff's attorneys, $75.

"That the plaintiff has been damaged in the further sum of $225, the balance of the attorney fee due plaintiff's attorneys under and by virtue of his contract with them.

"Plaintiff alleges that he has been further damaged by the wrongful issuance and levy of said attachment in the sum of $2,500 by reason of the depreciation in the value of said stock of goods while the same were in

the possession of the sheriff; that the said depreciation resulted from the fact that the goods, while in the possession of the sheriff were kept in a place where the rain leaked into the building and caused said goods to be soaked with water, and where mice and other vermin got into them and cut and injured them.

"The plaintiff has been further injured by reason of the wrongful issuance and levy of said attachment, in the sum of $2,000 by reason of the unlawful and wrongful con version of a portion of said property while in the possession of the sheriff.

"That the plaintiff has been further injured by reason of the wrongful issuance and levy of said attachment in injury to business; that at the time of the levy of said attachment the daily sa.es of the plaintiff amounted to the sum of $200 and his daily profits amounted to the sum of $50; that at said time he had advertised at a cost of $125 a special sale at his place of business; and that within four or five days after said sale had commenced said attachment was levied, and all the expense of advertising was lost by reason of said attachment, to his damage in the sum of $1,000."

There was judgment for plaintiff, from which defendants have appealed, assigning as error the action of the trial court in the following, among other, particulars:    (1) Overruling the demurrer to the petition; (2) the admission and rejection of evidence; (3) overruling the demurrer to the evidence offered on behalf of the plaintiff, and the giving and refusal of certain instructions.

Defendants contend that the petition fails to state a cause of action, in that under the law in force in the territory of Oklahoma at the time of the dissolution of the attachment the judge of the district court of Kingfisher county was without power to dissolve the same by order made at chambers, and that a declaration of the making of such order is not a sufficient allegation that the attachment was wrongfully issued.

The same question was presented and determined by this court adversely to the contention of defendants upon a former appeal (Bash et al. v. Howald, 27 Okla. 462, 112 Pac. 1125), and the decision in that proceeding, having become the law of the case, will not be reconsidered upon a second appeal. Gidney v. Chapple et al., 43 Okla. 267, 142 Pac. 755; Midland V. R. Co. v. Featherstone, 43 Okla. 705, 144 Pac. 362.

It would serve no useful purpose to set forth in detail the oral evidence on behalf of plaintiff. Suffice it to say that, in our opinion, there was no prejudicial error in the admission thereof.

To establish that the attachment in the action in which defendants executed the bond sued on was wrongfully obtained, plaintiff introduced in evidence the following order discharging the same:

"And now on this 16th day of December, 1907, the above-entitled cause came on for hearing on the motion of defendant for a journal entry nunc pro tunc of the order heretofore made by the judge of the district court of Kingfisher county, Oklahoma, at chambers dissolving the attachment and garnishment in said cause, the plaintiff being present by Manatt & Sturgis, his attorneys, and the court, having heard the evidence and being fully advised in the premises, sustains said motion.    It is therefore ordered by the court that the journal entry of order made by the court at his chambers in Arapaho, Okla., on the 2d day of October, A. D. 1906, be, and the same is hereby, entered upon the journal of this court, as of date of October 2, A. D. 1906, with the same force and effect as though entered on that date, in words and figures as follows: 'And now on this 2d day of October, A. D. 1906, the above-entitled cause came on for hearing before the judge of the district court of Custer county, Okla., at his chambers in the city of Arapaho, Okla., on the motion of the defendant to discharge the attachment and garnishment levied in said cause, the plaintiff appearing in person and by W. L. Moore and Lee M. Gray, his attorneys, and the defendant appearing in person and by Manatt & Sturgis, his attorneys, and the court, having heard the evidence of the parties, and being fully advised in the premises, sustains said motion, to which ruling the plaintiff excepts and exceptions are allowed.    It is therefore ordered by the judge that the attachment and garnishment heretofore levied in said cause be, and the same are hereby, vacated and discharged, to which order the plaintiff excepts.' "

There was no appeal from this order.

It is insisted that such order is incompetent as evidence of the discharge of the attachment; that the "order, having been entered nunc pro tunc, cannot, in its very nature, relate to or deal with a chambers determination."

Defendants correctly quote in their brief:

"The office of a nunc pro tunc entry is, not to make an order now for then, but to enter now for then an order previously made."

Such was the very purpose served by the entry above set out. It was "on motion of defendant for a journal entry nunc pro tunc of the order heretofore made," and the order previously made in the cause vacating and discharging the attachment was entered "now for then." In Boyton v. Crockett, 12 Okla. 57, 69 Pac. 869, Chief Justice Burford, speaking for the court, stated:

"It is claimed that the court did overrule the motion for new trial, but it is not con-

tended that any record was ever made of such ruling. If the court overruled the motion, and the clerk failed to enter the appropriate record, then the same could be supplied by proceedings nunc pro tunc, provided the proper basis could be established to warrant such an order."

And again it was said in Re McQuown, 19 Okla. 347, 91 Pac. 689, 11 L. R. A. (N. S.) 1136:

" * * * The orders, judgments, and proceedings of a court of general jurisdiction are required to be recorded by the clerk of the court. The failure of the clerk or recording officer to make such record does not vitiate the proceedings. The clerk may at any time during the term at which the proceedings are had correct, amend, or supply omissions to make the record speak the truth; and the court may at any time, upon proper application, from the memory of the presiding judge or upon proper showing, by appropriate order nunc pro tunc, cause its records to recite the truth, and may supply any omission from its records; and this may be done in a criminal as well as in a civil cause. Such record, when so supplied, relates to the time when the proceedings were, in fact, had, and may make valid that which was apparently defective. Wight v. Nicholson, 134 U. S. 136 [10 Sup. Ct. 487] 33 L. Ed. 865; Gonzales v. Cunningham, 164 U. S. 612 [17 Sup. Ct. 182] 41 L. Ed. 572; Hyde v. Curling, 10 Mo. 359; State v. Clark, 18 Mo. 432; Nelson v. Barker, 3 McLean (U. S.) 379 [Fed. Cas. No. 10,101]; State v. Bilansky, 3 Minn. 246 [Gil. 169]; Bishop's New Crim. Proc. § 1345. The proceedings had before the probate court for the purpose of determining what judgment was, in fact, rendered, and its finding and order for a nunc pro tunc order perfecting the record, are strictly in accord with recognized practice, and conform to what is required by due process of law." Mooney v. First State Bank, 48 Okla. 676, 149 Pac. 1173; Hirsh et al. v. Twyford et al., 40 Okla. 220, 139 Pac. 313; Schriebar v. State, 6 Okla. Cr. 119, 116 Pac. 348.

The entry nunc pro tunc imports the same verity and proves the contents of the order previously made as effectively and conclusively as if the same had been entered of record when made.

It is again contended by defendant that such order discharging the attachment is insufficient as evidence establishing that the attachment was wrongfully obtained. It will be noted that said order recites "and the court, having heard the evidence of the parties, and being fully advised in the premises, sustains said motion." While the motion to dissolve the attachment is not incorporated in the record, and the grounds thereof are not stated, yet it is apparent from the order that at the hearing upon such motion all parties were present, evidence was introduced and considered, and the matter determined upon its merits.

In Wellington v. Spencer, 37 Okla. 461, 132 Pac. 675, 46 L. R. A. (N. S.) 469, it is said.

"Defendant assigns as error the instruction that the fact that plaintiff was indebted to the defendant and that an attachment writ was issued was no defense to the action. Defendant asserts that this was error, but does not cite any cases or give a satisfactory reason for the assertion. The fact that a man owes another does not give the creditor the right to take his goods or shut up his place of business. The defendant was unsuccessful in the attachment suit. There is nothing in the record showing that any statutory grounds for attachment existed. A person who sues out an attachment and causes it to be levied cannot defend an action for the taking and converting of the property attached and the closing of the house containing the property, upon the ground that the acts were done by virtue of the writ, unless the statutory grounds existed justifying the issuance of the writ."

See Genessee County Savings Bank v. Mich. Barge Co., 52 Mich. 165, 17 N. W. 790.

In Seattle Crockery Co. v. Haley, 6 Wash. 302, 33 Pac. 650, 36 Am. St. Rep. 156, it is said:

"The affidavit for the attachment alleged that the Seattle Crockery Company was about to dispose of its property with intent to defraud its creditors, and that it had so disposed of its property, or a portion thereof. A traverse of these allegations was followed by an order to discharge the attachment, upon oral proofs of the parties. No findings were made, but we think in such a case it must be taken that the adjudication was final as to the wrongfulness of the attachment."

In Hodge v. Norton, 22 Kan. 374, it is held:

"Where a motion is duly made to dissolve an attachment on the two grounds alone that the allegations in the affidavit therefor are false, and that the case is not one in which an attachment may issue, and the district judge, upon proper notice and the hearing of the affidavits, dissolves the attachment, held, in an action upon the attachment bond, that this decision is conclusive, unless reversed by proceedings in error, that the attachment was wrongfully obtained."

In Schwartzberg v. Central Avenue State Bank, 84 Kan. 581, 115 Pac. 110, it is held:

"A final judgment in an attachment proceeding in favor of the defendant is conclusive that the attachment was unlawfully and wrongfully obtained."

The ruling embraced in the order discharging the attachment adjudicated that branch of the case, and, subject to reversal upon

appeal, was a final and conclusive decision that the attachment was wrongfully obtained.

Defendants made the following offer of evidence:

"Come now the defendants and offer to prove, if permitted so to do, by J. H. Bash, the witness on the stand, by the propounding of competent questions and competent answers thereto, that the grounds in the affidavits of attachment set forth are true, all the circumstances leading up to the issuance of the attachment. and that the attachment was not wrongfully issued, and the defendants offer to do so by propounding questions and returning answers, if permitted by the court so to do."

Such offer was properly rejected by the court, for the reason, as we have seen, that the question of whether or not such attachment was wrongfully obtained had been adjudicated in the former action wherein it was issued and levied. The demurrer of the defendants to the evidence was properly overruled.

The instructions of the court fairly stated the law of the case.

An examination of the entire record convinces us that substantial justice has been done between the parties, and discloses no error prejudicial to the rights of defendants.

It follows, therefore, that the judgment of the trial court should be affirmed.

By the Court: It is so ordered.