## McCLANAHAN et al. v. HUGHES.

No. 33508. Nov. 29, 1949.
Rehearing Denied Dec. 20, 1949.

*212 P. 2d 669.*

Owen F. Renegar, of Oklahoma City, for plaintiffs in error.

Homer Caldwell, of Oklahoma City, for defendant in error.

JOHNSON, J. Anna Dean McClanahan filed an action in the justice court in Oklahoma county, Oklahoma, for a money judgment on March 31, 1945, against defendant in error, Thomas L. Hughes, and at the same time sought and obtained a writ of attachment and attached an automobile belonging to Hughes on April 4, 1945. When the writ was executed, the car was in a garage being repaired. The cause was tried in said court on August 24, 1945. Judgment was entered for plaintiff as prayed for in her bill of particulars, and the attachment was disposed of by the justice entering on his docket the follow-

ing: "Attachment to be dissolved." Hughes perfected his appeal to the court of common pleas from the money judgment on September 4, 1945. Neither party appealed from the order dissolving the attachment, although McClanahan gave notice of appeal, but never perfected same. On December 14, 1945, Hughes obtained an order in the court of common pleas releasing his car.

Thereafter, Hughes filed in the court of common pleas on April 27, 1946, an action for damages claimed as resulting from the alleged wrongful attachment of his car by McClanahan, asking judgment in the sum of $400, alleging that he suffered loss of the use of his car for 254 days, and that its rental value was $5 per day, or a total of $1,270. Hughes waived all damages in excess of $400, which was the amount of the "attachment bond" given by McClanahan and C. A. Reed as surety. When the issues were adjudicated, jury being waived, the trial court awarded the plaintiff, Hughes, the sum of $200 for loss of the use of his car and $50 for attorneys' fee. It is from this judgment that McClanahan and her surety, C. A. Reed, appeal.

The parties hereafter will be referred to as they appeared in the trial court: Hughes as plaintiff and McClanahan and Reed as defendants.

As suggested by defendants, the gravamen of this action is: Was the evidence sufficient to sustain the judgment for damages for loss of use of plaintiff's car?

It is contended by defendants that plaintiff sustained no damage from the order of attachment, because (1) the car was not usable when attached, and (2) the plaintiff had sustained an injury and was unable to use the car for the special use during the period the order of attachment was effective until after he had perfected his appeal by making an appeal bond, staying the judgment.

As to defendants' first contention, the evidence of A. E. Jackson, garageman,

in substance, was that plaintiff's car was left at his place for repairs, and that he had made repairs on the car and that it was in running condition on April 6, 1945; that nothing further was done on the car until it was released sometime in the fall; that after the car was taken out of storage all he did was probably charge the battery, clean the points and take care of the radiator. To the same effect was the testimony of the plaintiff. This evidence was uncontradicted by the defendants. This contention cannot be sustained.

The second contention of defendants, that the plaintiff was injured and was unable to use the car, is not sustained by the evidence and is untenable. The evidence is in conflict as to the date when Hughes was injured. He testified that he was injured and was unable to work for about eight weeks, and this evidence is uncontradicted. Assuming, without deciding, that he is not entitled to any damages for the loss of the use of his car during the time he was incapacitated by reason of his injury, the evidence discloses that through the order of attachment he was deprived of the use of his car for at least 151 days, i. e., from April 6 to September 4, 1945, and, unquestionably, he would be entitled to damages for the loss of the use of the car for at least 95 days, that being the time he was able to use it.

Equally untenable is the contention that the affidavit for attachment was good because the affidavit was based upon the fact that the damages were sustained by reason of the reckless driving of the plaintiff, the reckless driving being a misdemeanor, and that an appeal by plaintiff (defendant Hughes in attachment proceedings) from the money judgment only, constituted an appeal on the attachment proceedings, and that a trial de novo on such proceedings could be had on the appeal.

The attachment was dissolved by the order of the justice court on August

24, 1945. No appeal was taken from that order, Hughes appealing only from the money judgment against him. Therefore, if defendants, McClanahan and Reed, had desired, they could have appealed from the order dissolving the attachment, but they did not so appeal. Where a suit is brought before a justice of the peace, and, at the same time, the plaintiff obtains an order of attachment, and thereafter the order of attachment is discharged by the justice, but judgment is rendered on the claim in favor of the plaintiff and the defendant appeals only from the money judgment and plaintiff fails to appeal from the order discharging the attachment, defendant filing only an ordinary appeal bond reciting the judgment, such appeal does not bring up for review on trial de novo in the court of common pleas, the proceedings in attachment in the case at the instance of plaintiff where the attachment has been discharged by the justice upon the rendition of the judgment. 39 O. S. A. §374; Brown v. Tuppeny, 24 Kan. Reprint 22; Gates v. Sanders, 13 Kan. Reprint 308; Nation v. Savely, 66 Okla. 229, 168 P. 805. Now, since the defendant (McClanahan) did not appeal from the order of the justice court dissolving the order of attachment, such order is a conclusive decision that such attachment was wrongfully obtained, and defendant cannot urge the validity of the proceedings in a subsequent action on the attachment bond. This question was determined in Bash v. Howald, 59 Okla. 116, 157 P. 1154. There it was said:

"Where, in a proceeding upon a motion to dissolve an attachment, the parties are present, and evidence is heard, and an order made discharging the attachment upon the merits, such order constitutes a final adjudication of that branch of the case, unless reversed upon appeal, and, in a subsequent action upon the attachment bond, is a conclusive decision that such attachment was wrongfully obtained."

It is next contended that plaintiff in his petition alleged only special damages for the loss of the use of his car, and that the proof failed to sustain the averment of special damages, and refers to Kilbourne v. McAllister, 179 Okla. 267, 65 P. 2d 516, as authority supporting his contention, wherein it is said:

"In action for any tortious act or omission involving injury to or loss of property, law infers injury measured by value of property, and injured party may recover that standard under general averment of damage, but special and exceptional damage must be alleged and proved to justify recovery thereof."

Unquestionably, the petition stated a good cause of action. Therefore, the determining factor is: Was there sufficient evidence to sustain the judgment?

The proof shows without question that plaintiff was without the use of his car through the wrongful attachment, and the failure to release same to him by the defendant McClanahan, to wit: from April 6, 1945, until September 4, 1945, when plaintiff's appeal was perfected; that he used the car in going to and from work and that the reasonable value for use of his car was $5 per day; that he was thereby damaged from the loss of its use.

Without further narration or analyzation of the evidence adduced, we, after carefully considering the entire record, conclude that there was sufficient evidence to sustain the judgment of the trial court, and this court has said so many times that the number is legion, that if there is any evidence reasonably tending to sustain the findings and judgment of the trial court, including reasonable inferences, and no errors of law were shown affecting the substantial rights of the parties, such judgment would not be disturbed on appeal. Adhering to this rule, the judgment is affirmed.

DAVISON, C.J., and WELCH, CORN, GIBSON, LUTTRELL, HALLEY, and O'NEAL, JJ., concur.